THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM CALDERON, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Motion for permission to appeal to the Court of Appeals denied. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur.

In the Matter of NEW YORK QUOTATION COMPANY, Petitioner, against GEORGE M. BRAGALINI et al., Constituting the State Tax Commission, Respondents.— Motion for reargument, or in the alternative, for permission to appeal to the Court of Appeals denied, without costs. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LAWRENCE CATANZARO, Appellant, against J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— Motion for an extension of time within which to perfect appeal. Motion granted and time is extended to November 1, 1959. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur.

In the Matter of the Claim of ALEXANDER SOKOLOFF, Respondent, against NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Application by respondent carrier to withdraw motion to dismiss appeal granted, without costs. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur.

In the Matter of the Claim of ROSIE L. LUCAS, Appellant, against NEW YORK STATE DEPARTMENT OF PUBLIC WORKS et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion to dismiss appeal granted, without costs, unless appellant perfects appeal, files note of issue, and files and serves record and brief on or before September 1, 1959 and is ready for argument at the September Term of this court, in which event the motion is denied. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur.

JOHN WATTAWA, Appellant, v. FREDERICO STALLFORTH, Defendant, and WOODSTOCK-WEBSTER CORPORATION, Respondent.— Motion to add case to the present term for argument granted. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur.

In the Matter of the Claim of TOBIAS SALCICCIA, Respondent, and WILLIAM L. CLAY, Appellant, against PSATY AND FUHRMAN, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion to dismiss appeal granted, without costs, unless appellant perfects appeal, files note of issue, and files and serves record and brief on or before August 1, 1959 and is ready for argument at the September Term of this court, in which event the motion is denied. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur.

In the Matter of JOSEPH HOLDRIDGE, SR., et al., Appellants, against EWALD B. NYQUIST, as Acting Commissioner of Education, et al., Respondents. — Motion to dismiss appeal granted, without costs, unless appellants perfect appeal, file note of issue and file and serve record and brief on or before September 1, 1959 and are ready for argument at the September Term of this court, in which event the motion is denied. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur.

JOHN TEBO, Appellant, v. HENRY A. FISCHER, JR., as District Attorney, Respondent.— Motion to dismiss appeal granted, without costs, unless appellant perfects appeal, files note of issue and files and serves record and brief on or before September 1, 1959 and is ready for argument at the September Term of this court, in which event the motion is denied. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur.

KIAMESHA CONCORD, INC., Respondent, v. MICHAEL J. HALPERN, Appellant.— Motion to dismiss appeal granted, without costs, unless appellant

perfects appeal, files note of issue, and files and serves record and brief on or before September 1, 1959 and is ready for argument at the September Term of this court, in which event the motion is denied. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur.

■ R. WILBUR SMITH et al., Appellants, v. THE PEOPLE OF THE STATE OF NEW YORK et al., Respondents.— Motion to dismiss appeal granted, without costs, unless appellants perfect appeal, file note of issue, and file and serve record and brief on or before August 1, 1959 and are ready for argument at the September Term of this court, in which event the motion is denied. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN BESTER, Appellant.— Motion for leave to prosecute appeal as a poor person granted. The appeal may be perfected upon one typewritten copy of the record and five typewritten copies of the brief. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN JOSEPH BATTLE, Appellant, against W. CECIL JOHNSTON, as Director of Dannemora State Hospital, Respondent.— Motion for leave to prosecute appeal as a poor person granted. The appeal may be perfected upon one typewritten copy of the record and five typewritten copies of the brief. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur.

■ MORRIS MOROFSKY et al., on Behalf of Themselves and All Other Persons Certified and Registered Pursuant to Law to Practice Ophthalmic Dispensing in the State of New York Similarly Situated, Plaintiffs, v. UNIVERSITY OF THE STATE OF NEW YORK et al., Defendants and JACK SIVACK et al., on Behalf of Themselves and All Other Persons Similarly Situated, Intervenors.— Motion for a stay granted, if the plaintiffs-appellants perfect their appeal on or before August 20, 1959 and are ready for argument at the September Term of this court. Bergan, J. P., Coon, Gibson and Reynolds, JJ., concur.

## FOURTH DEPARTMENT, JUNE, 1959

## (June 18, 1959)

■ ROBERT E. TOMPKINS, Respondent, v. ERNEST W. VEIGEL, JR., Appellant.— Order insofar as it grants plaintiff's motion affirmed and insofar as it denies defendant's motion reversed, with $10 costs and disbursements to the defendant-appellant, and motion granted, with $10 costs. Memorandum: The allegations of the complaint do not state a cause of action at law for the return of the purchase price based upon a prior rescission. There is no prior rescission alleged in the complaint. Moreover, the prayer for relief asks for a rescission. Likewise, the allegations of the complaint do not state a cause of action for damages based upon an affirmance of the contract. There is no allegation of damage nor is the prayer for relief consistent with that type of action. We conclude that the complaint states a cause of action in equity for a rescission and return of the purchase price. The prayer for relief is also consistent with that type of action. (See *Vail* v. *Reynolds*, 118 N. Y. 297, 302, 303; *Goldsmith* v. *National Container Corp.*, 287 N. Y. 438, 442; 3 Carmody-Wait, New York Practice, § 34, p. 547.) All concur. (Appeal from an order of Monroe Special Term, denying defendant's motion to strike the cause from the Trial Term Calendar and granting plaintiff's motion to strike out a certain paragraph